UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREEDOM WATCH, INC., )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>NATIONAL SECURITY AGENCY, et al. )<br>)<br>Defendants. ) | Civil Case No. 14-1431 (RJL)<br><br>**FILED**<br>SEP 3 0 2015<br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia |

**MEMORANDUM OPINION**
September __, 2015 [Dkt. # 17]

Plaintiff Freedom Watch, Inc. brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, seeking information from the National Security Agency ("NSA"), Central Intelligence Agency ("CIA"), and Department of Defense ("DoD"), related to the August 6, 2011 shoot-down of a military helicopter in Afghanistan. Now before the Court is defendant NSA's Motion to Dismiss. *See* Mot. to Dismiss [Dkt. # 5]. Having considered the parties' pleadings, relevant law, and the entire record of this case, the Court will GRANT the NSA's Motion to Dismiss and DISMISS this action as to defendant NSA.

## BACKGROUND

On July 21, 2014, plaintiff Freedom Watch sent a FOIA request to the three defendants, including the NSA. Compl. ¶ 5. The FOIA request sought "the production

1

of agency records relating to the shoot-down of Extortion 17, carrying in it thirty U.S. military servicemen who died on August 6, 2011." Compl. ¶ 5.

On August 8, 2014, the NSA responded to plaintiff's 54-part FOIA request. Compl. 36. With respect to items 39 and 48 of the request, the NSA notified Freedom Watch that the agency had "conducted a search reasonably calculated to uncover any relevant documents," but did not locate any responsive documents other than plaintiff's request letter itself. Compl. 37. With respect to items 3, 4, 18, 19, and 53 of the FOIA request, the NSA informed Freedom Watch that it would deny plaintiff's request pursuant to the first exemption of FOIA because the information was classified, and that it was further exempted pursuant to the third exemption. Compl. 37. The NSA advised Freedom Watch of its right to "file an appeal to the NSA/CSS Freedom of Information Act Appeal Authority," stated that any such appeal must be postmarked within "60 calendar days," and provided an address to which an appeal must be sent. Compl. 37–38. Freedom Watch did not appeal the NSA's decision, and the time for appeal has passed. *See generally* Mem. in Opp'n to Mot. to Dismiss ("Opp'n") [Dkt. # 7]; Compl. 37.

On August 21, 2014, Freedom Watch sued the NSA, CIA, and DoD. On October 6, 2014, the NSA moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

The Court may dismiss a complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the court must "liberally" construe the complaint "in favor of the plaintiff,

2

who must be granted the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (internal citation and quotation marks omitted). However, in considering the pleadings, the Court is not required to "accept legal conclusions cast in the form of factual allegations," or to rely on inferences "unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Thus, to withstand dismissal, the allegations, when read in a light most favorable to the plaintiff, must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## ANALYSIS

Under FOIA, "[e]xhaustion of administrative remedies is generally required before seeking judicial review." *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam). The exhaustion requirement "means that a requester under FOIA must file an administrative appeal within the time limit specified in an agency's FOIA regulations or face dismissal of any lawsuit complaining about the agency's response." *Wilbur*, 355 F.3d at 676 (internal quotation marks omitted). The exhaustion requirement serves multiple purposes, including providing an agency the opportunity to "review its initial determination, apply its expertise, correct any errors, and create an ample record in the process." *Nat'l Sec. Counselors v. CIA*, 931 F. Supp. 2d 77, 99–100 (D.D.C. 2013). A FOIA action is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff has failed to exhaust administrative remedies. *See Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003); *see Dettmann v. United States Dep't of Justice*, 802 F.2d 1472, 1477 (D.C. Cir. 1986).

Freedom Watch does not dispute the fact that it failed to administratively appeal the NSA's decision, or that the failure to appeal constitutes failure to exhaust administrative remedies. *See generally* Opp'n [Dkt. # 7]. Instead, Freedom Watch argues only that it did not need to appeal the NSA decision because, in its judgment, any appeal would have been futile. *See* Opp'n 2–3, 8–10 [Dkt. # 7]. Unfortunately for plaintiff, there is no futility exception to the exhaustion requirement in FOIA cases. As was the case in another FOIA action brought by Freedom Watch in this District:

> Freedom Watch has cited no caselaw establishing or addressing a futility exception to the exhaustion requirement in FOIA cases. Moreover, binding Circuit precedent could not be clearer: exhaustion of administrative remedies "is a mandatory prerequisite to a lawsuit under FOIA." *Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004) (emphasis added, internal quotation marks and citation omitted).

*Freedom Watch v. CIA*, 895 F. Supp. 2d 221, 227 n.2 (D.D.C. 2012); *compare id.* (noting Freedom Watch's reliance on *Singh v. Ashcroft*, 362 F. 3d 1164, 1169 (9th Cir. 2004), with Opp'n 2–3 (reliance on same). The same holds true today.

Even assuming, *arguendo*, that the FOIA exhaustion requirement were subject to a futility exception, Freedom Watch fails to demonstrate the futility of appealing the NSA's decision. Our Circuit Court has held that the futility exception applies, in another context, only if "following the administrative remedy would be futile because of *certainty of an adverse decision*." *Randolph–Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 105 (D.C. Cir. 1986) (internal quotation marks and citation omitted). An adverse decision may be "certain" where, for example, "an administrative agency lacks, or believes itself to lack,

4

jurisdiction to act upon the dispute." *Id.* Here, Freedom Watch does not come close to supporting its contention that an adverse decision by the NSA was certain. *See* Opp'n 8–10 (arguing NSA's position appeared "set" based on the purported inadequacy of NSA's response and its denial of request for expedited processing). Accordingly, the Court will dismiss this action as to defendant NSA pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

Thus, for all the foregoing reasons, the Court GRANTS defendant NSA's Motion to Dismiss, and DISMISSES this action as to defendant NSA. A separate Order accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge